# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>LARA PINEDA,<br><br>      Defendant. | No. 16-CR-3047-LRR<br><br>**ORDER** |

The matter before the court is Defendant Lara Pineda's pro se "Motion for Modification of Sentence" ("Motion") (docket no. 56), which Defendant filed on July 9, 2018. In the Motion, Defendant requests that the court modify her term of imprisonment pursuant to 18 U.S.C. § 3582(c). *See* Motion at 1-2. Defendant also requests that the court appoint counsel to represent her. *See id*. at 2.

In relevant part, 18 U.S.C. § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently

lowered by the Sentencing Commission."). In addition, U.S.S.G. § 1B1.10 states, in relevant part:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1); *see also* U.S.S.G. § 1B1.10, cmt. n.1A ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range.").

In the Motion, Defendant claims that the court has the authority to reduce her sentence based on Amendment 782. *See* Motion at 1. The effective date of Amendment 782 was November 1, 2014. *See* U.S. Sentencing Guidelines Manual app. C supp. (U.S. Sentencing Comm'n 2016). The court sentenced Defendant on February 27, 2018. *See* Judgment (docket no. 53). Thus, Defendant was sentenced under a guideline range that had previously been reduced by Amendment 782. Defendant does not point the court to any amendment subsequent to her sentencing that would retroactively lower the applicable guideline range. Accordingly, the Motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 10th day of July, 2018.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA